IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *<br>PAMELA J. DIOTALEVI and<br>GORDON J. DIOTALEVI<br>7 Casey Drive<br>Milford, MA 01757<br><br>                      Plaintiffs,<br><br>    vs.<br><br>ELI LILLY AND COMPANY,<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>                      Defendant.<br>* * * * * * * * * * * * * * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*  CIVIL ACTION NO. 1:07-CV-00636 ESH<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## DEFENDANT ELI LILLY AND COMPANY'S CONSENT
## MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Massachusetts. Plaintiffs will not oppose this transfer.

This case should be transferred because the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought in the District of Massachusetts, and transfer out of a district with absolutely no connection to the plaintiffs' cause of action is in the interest of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs district courts to consider the

140229v1

convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Lilly has reason to believe that all potential fact witnesses and sources of proof are located in, or within the subpoena power[1] of, the District of Massachusetts. More specifically:

- Plaintiffs reside in Milford, Massachusetts;

- The events allegedly giving rise to plaintiffs' cause of action -- the prescription, purchase and ingestion of DES, as well as alleged exposure to DES -- occurred in Massachusetts;

- Plaintiff Pamela Diotalevi's mother lived in Massachusetts during her pregnancy with plaintiff;

- Plaintiff Pamela Diotalevi was born in Massachusetts;

- Plaintiff Pamela Diotalevi's doctors, who purportedly diagnosed and treated her alleged injuries, are in Massachusetts;

- Plaintiff Pamela Diotalevi's father, a witness with substantial knowledge of facts at issue in this matter, resides in Massachusetts;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court;

- This case has no apparent connection to the District of Columbia except that the case was filed here; and

- The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to this forum.

None of the potential fact witnesses and sources of proof are located within, or subject to the subpoena power of, the District of Columbia. The only other location where potential fact witnesses and sources of proof might be located is Massachusetts. Plaintiff Pamela Diotalevi's mother lived in Massachusetts during her pregnancy with plaintiff, was allegedly prescribed DES in Massachusetts, purchased DES from a pharmacy in Massachusetts, and ingested DES in Massachusetts. Plaintiff Pamela Diotalevi was also born in Massachusetts.

---

[1] *See* FED. R. CIV. P. 45(b).

This action "might have been brought" originally in the District of Massachusetts. 28 U.S.C. § 1404(a). First, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2] Lilly is incorporated and has its principal place of business in Indiana. Plaintiff resides in and is presumably domiciled in Massachusetts. Second, to the extent permitted by the United States Constitution, Massachusetts' long-arm statute, Mass. Gen. Laws ch. 223A, § 3, reaches torts caused by an act or omission within the commonwealth of Massachusetts. *See*, Mass. Gen. Laws ch. 223A, § 3. Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction. Third, venue is proper in the District of Massachusetts because plaintiff's injuries that were allegedly caused by DES were diagnosed and treated in Massachusetts. *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Finally, the interests of justice support transfer of this action to the District of Massachusetts. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider). First, Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently. The next factor, the applicable law, favors the District of Massachusetts because Massachusetts tort law is likely to be applied, and Massachusetts is more familiar with its substantive law than is the District of Columbia. *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute). Finally, this case has no connection to the District of Columbia

---

[2] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that plaintiff cannot recover more than $75,000. However, Lilly denies that plaintiff is entitled to recover any damages.

140229v1

except that it was filed here: no witnesses reside here, Pamela Diotalevi's mother's alleged exposure to DES did not occur here, and none of her injuries were diagnosed or treated here. Because this case has no connection to this district and because plaintiffs will not oppose transfer, it is equitable to transfer this case out of the District of Columbia.

WHEREFORE, for these reasons, defendant Eli Lilly and Company respectfully requests that this Court grant its unopposed motion to transfer this case to the District of Massachusetts and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## LOCAL RULE 7(m) CERTIFICATION

Pursuant to Local Rule 7(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with plaintiffs' counsel to determine whether plaintiffs oppose the relief requested in this motion. Plaintiffs' counsel indicated that plaintiffs do not oppose the granting of this motion.

/s/ John Chadwick Coots

140229v1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 22nd day of June, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**


/s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

140229v1